**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL AARON SCHERBANIC | : | |
| | : | |
| Appellant | : | No. 1412 WDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010893-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL AARON SCHERBANIC | : | |
| | : | |
| Appellant | : | No. 1413 WDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010894-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL AARON SCHERBANIC | : | |
| | : | |
| Appellant | : | No. 1414 WDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010895-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |
|---|---|
| v. : | |
| : | |
| : | |
| : | |
| MICHAEL SCHERBANIC : | |
| : | |
| Appellant : | No. 1415 WDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010899-2016

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| v. : | |
| : | |
| : | |
| : | |
| MICHAEL SCHERBANIC : | |
| : | |
| Appellant : | No. 1416 WDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010900-2016

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| v. : | |
| : | |
| : | |
| : | |
| MICHAEL SCHERBANIC : | |
| : | |
| Appellant : | No. 1417 WDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004787-2017

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| v. : | |
| : | |
| : | |

MICHAEL AARON SCHERBANIC     :
                                 :

          Appellant              :      No. 1418 WDA 2021

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006462-2017

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
                                 :

          v.                 :

                                 :

MICHAEL AARON SCHERBANIC     :
                                 :

          Appellant              :      No. 1419 WDA 2021

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006463-2017

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
                                 :

          v.                 :

                                 :

MICHAEL SCHERBANIC           :
                                 :

          Appellant              :      No. 1420 WDA 2021

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006464-2017

BEFORE:  BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:           **FILED: MAY 8, 2023**

Appellant, Michael Aaron Scherbanic, appeals from the order entered November 3, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This PCRA court summarized the relevant facts and procedural history of this case as follows:

> Appellant was charged at nine criminal informations relating to the sexual abuse of children who were karate students of his, and Appellant's subsequent attempts to coerce his victims to change their statements. At CP-02-CR-10893-2016, Appellant was charged with involuntary deviate sexual intercourse ("IDSI"), indecent assault, unlawful contact, endangering the welfare of a child [("EWOC")], corruption of minors, and indecent exposure. At CP-02-CR-10894-2016, Appellant was charged with IDSI, indecent assault, unlawful contact, [EWOC], corruption of minors, and indecent exposure. At CP-02-CR-10895-2016, Appellant was charged with IDSI, indecent assault, unlawful contact, [EWOC], corruption of minors, and indecent exposure. At CP-02-CR-10899-2016, Appellant was charged with IDSI, indecent assault, unlawful contact, [EWOC], corruption of minors, and indecent exposure. Appellant was additionally charged at this information with intimidation of witnesses or victims and obstruction in child abuse cases. At CP-02-CR-10900-2016, Appellant was charged with indecent assault, unlawful contact, [EWOC], and corruption of minors.
>
> At CP-02-CR-04787-2017, Appellant was charged with five counts of criminal solicitation-homicide, five counts of criminal solicitation-arson, five counts of criminal solicitation-retaliation, four counts of criminal solicitation-obstruction, three counts of criminal solicitation-perjury, and five counts of criminal solicitation-intimidation. At CP-02-CR-06462-2017, Appellant was charged with indecent assault, unlawful contact, [EWOC], and corruption of minors. At CP-02-CR-06463-2017, Appellant was charged with IDSI, indecent assault ([one] count[] person less than 13 years of age and [one count] person less than 16 years of age), unlawful contact, [EWOC], corruption of minors, and indecent exposure. At CP-02-CR06464-2017, Appellant was charged with criminal solicitation-indecent assault,

- 4 -

unlawful contact, [EWOC], corruption of minors, indecent exposure, and open lewdness.

On September 15, 2016, William Stockey, Esquire [("Attorney Stockey")] entered his appearance. Counsel filed several motions on Appellant's behalf, including a motion for reduction of bail and a motion to sever offenses. On March 10, 2017, [Attorney] Stockey filed a motion to withdraw as counsel. The trial judge, the Honorable Donna Jo McDaniel, granted the motion and appointed Richard Narvin, Esquire [("Attorney Narvin")] to represent Appellant. [Attorney] Narvin shepherded Appellant through the trial and verdict. On April 16, 2018, following a jury trial, Appellant was found guilty of several counts of [IDSI], indecent assault, unlawful contact, [EWOC], corruption of minors, and indecent exposure. He was also convicted of criminal solicitation-homicide, criminal solicitation-arson, [nine] counts of criminal solicitation-retaliation, [three] counts of criminal solicitation-perjury, [five] counts of criminal solicitation-obstruction, and one count each of intimidation of a witness and obstruction in child abuse cases. [On June 28, 2018,] J[udge] McDaniel imposed an aggregate sentence of 78[-]156 years of incarceration. [Attorney] Narvin filed a post-sentence motion and withdrew on July 11, 2018.

Robert Perkins, Esquire replaced [Attorney] Narvin and filed an amended post-sentence motion, which J[udge] McDaniel denied on October 29, 2018. Appellant filed a direct appeal and on April 30, 2020, the Superior Court of Pennsylvania affirmed [Appellant's] judgment of sentence. [*See Commonwealth v. Scherbanic*, 236 A.3d 1140 (Pa. Super. 2020)].

On June 29, 2020, Appellant filed a *pro se* PCRA petition. Appointed counsel Diana Stavroulakis filed an amended PCRA petition on March 22, 2021. [The PCRA court] gave notice of intent to dismiss on October 8, 2021 and dismissed without a hearing on November 3, 2021. Appellant filed a [timely] notice of appeal on November 24, 2021,[1] and a [timely] concise statement of errors alleged on appeal on February 11, 2022.

_____

[1] We note that Appellant filed multiple notices of appeal, one for each trial court docket number. Each notice of appeal listed all nine trial court docket

*(Footnote Continued Next Page)*

PCRA Court Opinion, 3/25/22, 1-4 (footnote and superfluous capitalization omitted) (footnote added).[2]

Appellant raises the following issues on appeal:[3]

1. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where trial counsel was ineffective for failing to object to the trial court's order which limited and interfered with attorney/client contact while preparing for trial.

2. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where trial counsel was ineffective for failing to object to the trial court's order that [Appellant] would be shackled during the jury trial and forced to testify from counsel table.

3. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where trial counsel was ineffective for failing to file a pre-trial motion requesting an exception to the Rape Shield Law so that the defense could present evidence regarding Bonnie Kirsch making similar sex[ual] assault allegations against another individual which involved victim N.K., prior to this case.

4. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where trial counsel was ineffective for failing to review and present medical records to establish that [Appellant] had a scar.

_____

numbers associated with the November 3, 2021 order. Accordingly, we deem this appeal to be compliant with the decision of our Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), as interpreted by this Court in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*).

[2] This Court granted Appellant's motion to consolidate appeals on January 4, 2022. Superior Court Order, 1/4/22, at 1.

[3] We have reordered Appellant's issues for ease of discussion and disposition.

5. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where appellate counsel was ineffective for failing to include argument in the appellate brief on the issue that the trial court erred in denying the defense motion for a continuance.

6. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where appellate counsel was ineffective for failing to raise on appeal that the trial court erred in denying [his] motion for recusal.

7. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where appellate counsel was ineffective for failing to challenge the discretionary aspect[s] of [Appellant's] sentence on appeal.

8. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where appellate counsel was ineffective for failing to include argument in the appellate brief on the issue that the trial court erred in granting the Commonwealth's February 16, 2018 motion to join three additional cases for trial.

9. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where appellate counsel was ineffective for failing to raise on appeal that the trial court erred in denying the motion for severance of the cases.

10. The PCRA court erred in denying relief because [Appellant] was denied his Sixth Amendment right to effective counsel where appellate counsel was ineffective for failing to raise on direct appeal that the trial court erred by prohibiting the defense from questioning witness Travis Pagano regarding whether he was offered consideration in his own pending criminal matters in exchange for his testimony.

11. The PCRA court erred in denying relief where the Commonwealth committed prosecutorial misconduct by failing to reveal that prosecution witness Travis Pagano was offered consideration in his own pending criminal matters in

exchange for his assistance, constituting a [**Brady**[4]] violation.

Appellant's Brief at 8-9 (footnote added) (superfluous capitalization omitted).

Our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

"[C]ounsel is presumed effective, and [the appellant] bears the burden of proving otherwise." **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014), *quoting* **Commonwealth v. Steele**, 961 A.2d 786, 796 (Pa. 2008). To prevail on an ineffectiveness claim, an appellant must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Commonwealth v. Lesko**, 15 A.3d 345, 373–374 (Pa. 2011), *citing* **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. **See Commonwealth v. Jones**, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

In his first issue, Appellant claims trial counsel was ineffective for failing to object to the trial court's orders, entered January 10, 2018 and March 6, 2018, limiting Appellant's access to the telephone, internet, and other forms of communication while he was committed to Torrance State Hospital. Appellant's Brief at 29-32. Specifically, Appellant claims that the trial court's orders violated his "right to counsel" because the orders "limit[ed] [Appellant's] ability to interact with his attorneys as they prepared for trial." *Id.* at 31. In this same vein, Appellant claims that the trial court's March 6, 2018 order effectively "prevented privileged attorney-client communications during the weeks leading up to [his] trial." *Id.* Based upon the foregoing, Appellant argues that "trial counsel had no reasonable basis not to object to these orders" as they "prevented and interfered with [his] constitutional right to counsel." *Id.*

The circumstances giving rise to the trial court's January 10, 2018 and March 6, 2018 orders are relevant to our review and are as follows. Appellant was originally "charged with various sex offenses, some in October 2016 and others in July 2017, relating to [the] sexual assaults of students at his karate school." *Commonwealth v. Scherbanic*, 2020 WL 2096417, *1 (Pa. Super. 2020). On July 29, 2016, Appellant was deemed competent for trial by the Behavioral Clinic at the Allegheny County Jail. Appellant's Motion for Behavior

Clinic and Psychiatric Evaluation, 7/24/17, at *1 (unpaginated). Thereafter, in June 2017, "the Commonwealth filed additional charges [against Appellant] stemming from [his] alleged attempts, while in Allegheny County Jail, to retaliate against the sexual assault victims, including solicitation to commit homicide." *Scherbanic*, 2020 WL 2096417 at *1

On June 30, 2017, nearly a month after new charges were filed against Appellant, his counsel filed a motion seeking court approval for an independent mental health examination of Appellant because counsel believed he demonstrated "possible emotional, psychiatric, or psychological issues and would benefit from an independent examination." Appellant's Motion for Independent Psychiatric Evaluation, 6/30/17, at *1 (unpaginated). In particular, counsel sought approval to engage Dr. Alice Applegate to conduct an examination, averring her services "would be appropriate for trial strategy and planning, and in the event of sentencing, for mitigation purposes." *Id.* The trial court granted Appellant's motion on July 6, 2017. Trial Court Order, 7/6/17, at 1. Then, on July 24, 2017, Appellant's counsel filed another motion, raising concerns regarding Appellant's competency to stand trial based upon Dr. Applegate's evaluation. Appellant's Motion for Behavior Clinic and Psychiatric Evaluation, 7/24/17, at *1-*2 (unpaginated). On August 23, 2017, the trial court entered an order in which it determined that Appellant was not competent to stand trial. Trial Court Order, 8/23/17, at 1. In addition, the trial court ordered Appellant to undergo inpatient psychiatric/psychological examination and treatment, committed Appellant to Torrance State Hospital

- 11 -

for said treatment, and stayed the matter for further disposition. Trial Court Order, 8/23/17, at 1.

It is not entirely clear from the current record the specific time Appellant was committed to Torrance State Hospital. Moreover, Appellant does not specify the exact dates in his appellate brief. Nonetheless, on his previous appeal, this Court indicated that Appellant "[was] at Torrance [State] Hospital from Jan[uary] 4[, 2018] to March 14, 2018." *Scherbanic*, 2020 WL 2096417 at *1. In that time, the trial court entered two orders. First, on January 10, 2018, the trial court directed that Appellant "have no access to telephone, internet, or any other form of electronic or written communications with any persons while committed to Torrance State Hospital." Trial Court Order, 1/10/18, at 1. In this same order, however, the trial court specifically stated that Appellant's attorney could visit him. *Id*. Then, "upon motion" from Appellant's counsel,[5] the trial court amended Appellant's "telephone privileges" to, *inter alia*, permit his counsel to "contact [him] by telephone, incoming call[s] only . . . once [] a week" but required "a member of Torrance State Hospital [to] be present during the telephone call." Trial Court Order, 3/6/18. Appellant was apparently released from the hospital on March 14,

---

[5] Counsel's motion is not included in the certified record on appeal.

2018, and subsequently deemed to be competent to stand trial.[6] Appellant's trial commenced on April 9, 2018.

Herein, Appellant's claim fails for lack of prejudice. First, Appellant does not engage in any discussion explaining what communications with his counsel were prohibited during his commitment to Torrance State Hospital, how the limitations imposed by the trial court impacted his ability to prepare for trial, or how such communications, if permitted, would have altered the outcome of his trial. *See Commonwealth v. Spotz*, 870 A.2d 822, 833–834 (Pa. 2005) (explaining an appellant alleging ineffective assistance must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different). For this reason alone, Appellant is not entitled to relief. *See id*. Second, it must be noted that Appellant is essentially challenging the trial court's decision to restrict his communication with his attorney for a period of approximately three months while he was undergoing treatment to determine whether he was competent to stand trial, *i.e.* at a time when the court and counsel were trying to determine if Appellant were "unable . . . to participate and assist in his defense." 50 P.S. § 7402. The irony of this position is further demonstrated by the fact that Appellant's counsel, himself, requested Appellant's commitment. Hence, it is apparent

_____

[6] It is not clear from the record before us when Appellant was determined to be competent to stand trial. Nonetheless, as Appellant participated in a jury trial from April 9, 2018 through April 16, 2018, it is apparent that Appellant was deemed to be competent to stand trial. *See* Trial Court Order, 1/10/18, at 1 and Trial Court Order 3/6/18, at 1. Thus, Appellant was able to communicate with his attorney while being treated at Torrance State Hospital.

that the limited restrictions upon Appellant's communication occurred *after* his attorney concluded that evaluation was necessary to determine whether Appellant could participate in his own defense.[7]  We therefore dismiss Appellant's claim.

Appellant's remaining issues generally set forth additional claims of ineffective assistance of trial and appellate counsel.  In particular, Appellant argues that: trial counsel was ineffective for failing to object to the trial court's order that Appellant be shackled during trial and forced to testify from counsel table (*see* Appellant's Brief at 33-36); trial counsel was ineffective for failing to file a pre-trial motion to request an exception to the Rape Shield Law to enable Appellant to present testimony regarding a similar sexual assault allegation made by a victim (*see* Appellant's Brief at 44-46); trial counsel was ineffective for failing to introduce Appellant's medical records demonstrating that he had a scar (*see* Appellant's Brief at 59-60); appellate counsel was ineffective in failing to challenge the trial court's orders denying Appellant's motion for a continuance and motion for recusal (*see* Appellant's Brief at 37-43); appellate counsel was ineffective in failing to challenge the

_____

[7] We also reiterate that the trial court's order of January 10, 2018 provided that Appellant's counsel could visit him at Torrance State Hospital, and the order of March 6, 2018 permitted counsel to call Appellant once a week so long as a staff member of the hospital was present.  *See* Trial Court Order, 1/10/18, at 1 and Trial Court Order, 3/3/18, at 1.  Thus, Appellant was able to communicate with his attorney while being treated at Torrance State Hospital.  Moreover, Appellant was apparently released  from the hospital on March 14, 2018, approximately 3½ weeks before trial commenced on April 9, 2018.  Nothing in the record indicates, and Appellant does not argue, that he was unable to communicate with counsel during this time.

discretionary aspects of Appellant's sentence on appeal (**see** Appellant's Brief at 20-28); appellate counsel was ineffective for failing to challenge the trial court's order denying Appellant's motion for severance, as well as the trial court's decision to grant the Commonwealth's February 16, 2018 motion to join three additional cases (**see** Appellant's Brief at 47-49 and 56-58); and, appellate counsel was ineffective for failing to challenge the trial court's decision to prohibit the questioning of a witness, Travis Pagano, regarding the consideration he was allegedly offered in exchange for his testimony against Appellant (**see** Appellant's Brief at 53-55). Lastly, Appellant argues that the Commonwealth committed a ***Brady*** violation. ***See*** Appellant's Brief 50-52.

We have carefully reviewed the certified record, the submissions of the parties, the thorough opinion of the able PCRA court, and the pertinent case law. Based upon our review, we conclude for the reasons expressed by the PCRA court, Appellant is not entitled to relief on any of his remaining claims. Moreover, as we find that the PCRA court has adequately and accurately addressed the issues raised in this appeal, we adopt the PCRA court's opinion as our own with respect to Appellant's remaining issues. Accordingly, the parties are directed to attach a copy of the PCRA court's March 25, 2022 opinion to all future filings relating to our disposition in this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/8/2023</u>